## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER M. SHAFFER**,<br><br>    Plaintiff,<br><br>v.<br><br>**LVNV FUNDING, LLC &**<br>**CONVERGENT OUTSOURCING,**<br>**INC.**<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jennifer M. Shaffer is an adult individual in Riverside, Ohio.

5. Defendant LVNV Funding, LLC ("LVNV") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 15 South Main Street, Suite 600, Greenville, SC 29601. The principal

purpose of LVNV is the collection of debts already in default using the mails and telephone, and LVNV regularly attempts to collect said debts.

6. Defendant Convergent Outsourcing, Inc., ("Convergent") is a business entity regularly doing business in the Eastern District of Pennsylvania with its principal office located a 1201 Peachtree Street, NE, Atlanta, GA 30361. The principal purpose of Convergent is the collection of debts already in default using mail and telephone, and Convergent regularly attempts to collect said debt.

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendants were collecting a debt originally held by HBSC and thereafter Capital One (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times pertinent hereto, Plaintiff does not owe the debt at issue to Defendants because the debt was expunged and retired by HSBC pursuant to a previous contractual agreement.

10. In or around April 2013, Defendants began contacting Plaintiff in attempt to collect the debt.

11. At all times pertinent hereto, Defendants made use of an automatic telephone dialing system and/or artificial and/or prerecorded voice technology to contact Plaintiff on multiple occasions with the intent to annoy, abuse, or harass Plaintiff.

12. Plaintiff advised Defendants' representative the she was no longer responsible for the debt and to cease all further contact with her.

13. Notwithstanding the above, Defendants continued to contact Plaintiff at least twice a month by placing telephone calls to her and sending her dunning letters in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

14. Defendants acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

15. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

16. Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

17. Defendants knew or should have known that their actions violated the FDCPA and the TCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish,

embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I
## ALL_DEFENDANTS - VIOLATIONS OF THE FDCPA

21.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.   Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.   The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 11692c(b), 1692d, 1692d(5), 1692e(2)A, 1692e(10), and 1692f, as evidenced by the following conduct:

  (a)   Communicating in connection with a debt with a non-debtor;

  (b)   Communicating in connection with a debt with a non-debtor for information other than location information on more than one occasion;

  (c)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

  (d)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

  (e)   Falsely representing the amount, character and legal status of the debt;

4

  (f) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

  (g) Using unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II
## ALL DEFENDANTS - VIOLATIONS OF THE TCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times relevant hereto, Defendants used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

30. Defendants initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

31. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fid error, lawful right, legal defense, legal justification, or legal excuse.

32. As a result of the above violation of the TCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble Damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: April 14, 2014